**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BOSART COMPANY, Respondent.**

No. 78–1475.

United States Court of Appeals, Sixth Circuit.

Oct. 3, 1980.

Elliott Moore, Peter Bernstein, Susan McDonald, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for the N. L. R. B.

David A. Weaver, Martin, Browne, Hull & Harper, Springfield, Ohio, for respondent.

Before ENGEL and BROWN, Circuit Judges, and GUY, District Judge.*

ORDER

This case is before the court on the application of the National Labor Relations Board for enforcement of its bargaining order issued against Bosart Company ("Bosart"). Reference is made to the decision and order of the Board, reported at 236 N.L.R.B. 195, for a recitation of pertinent facts.

The controversy giving rise to this cause arose as a result of events occurring shortly before a union election held at respondent's company. After Bosart challenged the validity of the election, a hearing was held to determine whether the union, through certain statements made by Bosart employee Larry Ward, impermissibly interfered with the union election. The hearing officer issued a report, later adopted by the Board, in which he found that because Ward's statements were neither authorized nor ratified by the union, they were not attributable to the union. This finding obviated the need to consider the propriety of Ward's statements. Bosart subsequently refused to bargain with the union, reasserting its challenge to the validity of the election. Upon Bosart's refusal to bargain after the Board ordered it to do so, this petition to enforce was filed.

Bosart concedes that there is substantial evidence in the record to support the determination by the ALJ and the Board that the employee, Larry Ward, did not have actual authority so far as the union is concerned in making the statement and that the union did not ratify his action in making the statement. However, Bosart does argue on appeal that neither the ALJ nor the Board made a determination as to whether Ward had apparent authority and that therefore enforcement should be denied or that in any event the case should be remanded to the Board for a determination on that issue. Upon consideration, the court is of the opinion that there was not sufficient evidence of apparent authority to raise an issue in that respect.

It is ORDERED that the order of the Board be enforced.

---

* Honorable Ralph B. Guy, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation.